*24 Vroom.*                 Smith v. Clinton.

THE STATE, SAMUEL SMITH, PROSECUTOR, v. THE TREAS-
        URER OF THE TOWN OF CLINTON.

1. Where a municipal charter authorizes the common council to prescribe
   a penalty for violation of its ordinances, to be recovered by action of
   debt, the ordinance must fix the precise penalty.  An ordinance pro-
   viding that the penalty shall not be less than $10 nor more than $50
   is bad for uncertainty.
2. The action must be brought in the court of small causes, where the
   statute provides that the penalty shall be recovered in an action of
   debt before a justice of the peace.
3. The judgment in such case, where the justice has jurisdiction, is re-
   viewable only on appeal to the Common Pleas, and not by *certiorari.*

On *certiorari.*

Argued at November Term, 1890, before Justices DEPUE
and VAN SYCKEL.

For the prosecutor, *William C. Gebhardt.*

For the defendant, *Paul A. Queen.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The charter of the town of Clinton
authorizes the common council to pass ordinances for pre-
venting, abating and removing nuisances, and to enforce the
same by enacting penalties for the violation thereof, either by
imprisonment not exceeding seven days, or by fine not exceed-
ing $50, recoverable, with costs, in an action of debt in the
name of the treasurer of the town.

Under this power the common council passed an ordinance
prohibiting the keeping or maintaining within the corporate
limits of said town any place for the slaughter of animals, or
any other establishment productive of any noisome smell or
in any manner injurious to the health or comfort of the
citizens of the town.

The ordinance provided that a person offending against it
should pay a fine of not less than $10 nor more than $50 for

the first offence, and for the second offence a fine of $20 for each and every day that the nuisance remained unabated, to be recovered by action of debt, or that the offender, on conviction, should be punished by imprisonment in the county jail any time not exceeding seven days.

The relator was prosecuted under this ordinance for his first offence, and on conviction a penalty of $10 was imposed upon him by the justice of the peace before whom the case was tried.

The point made by the relator is, that the ordinance is void, because it does not definitely fix the penalty.

In *The State* v. *Zeigler*, 3 *Vroom* 262, this court held that where the charter authorizes council to enforce ordinances by penalties not exceeding $50, to be recovered by action of debt, the council must prescribe a precise penalty for each offence; an ordinance declaring a penalty not exceeding $50 is bad for uncertainty.

In *McConvill* v. *The Mayor of Jersey City*, 10 *Vroom* 38, the conviction under an ordinance providing a penalty not exceeding $50 was sustained, but the court distinguished it from the case of The State v. Zeigler, on the ground that the city charter of Jersey City did not require the penalty to be collected by action of debt. An action of debt can only be maintained for a sum capable of being ascertained at the time of the action brought.

The provision in the charter of Lambertville, like that in the charter of Clinton, that the penalty should be recovered by action of debt, was equivalent to a declaration by the legislature that the common council must prescribe a precise penalty, so that the action of debt could be supported.

In *Melick* v. *Washington*, 18 *Vroom* 254, this distinction was again adopted, and a conviction based upon an uncertain ordinance was set aside.

In the case before us the ordinance is fatally infirm, and furnishes no ground for an action of debt, by which alone the penalty can be recovered.

This conclusion would lead to a reversal of the judgment below, if this was the proper forum in which to review the case by *certiorari.*

The town charter provides that an action of debt for the penalty shall be brought before any justice of the peace residing in said town, on in the township of Clinton.

The legislature, in requiring the action to be in debt, which makes it necessary to pursue the forms adopted in courts having cognizance of that action, must be presumed to have intended that the action shall be brought in the court for the trial of small causes, and not as a summary proceeding before a justice of the peace.

This question has been passed upon in *Greely* v. *Passaic,* 13 *Vroom* 429, where Mr. Justice Reed, in his opinion for the Court of Errors and Appeals, says, that unless this statutory right to bring an action of debt before a justice of the peace is construed in the light of the practice of that officer to hold a court for the trial of small causes, the grant of the right would be barren, because it would be impossible to determine of what character the original process should be, or when or how it should be served and made returnable, or what the pleadings should be, or what judgment, what costs or what execution should attend the litigation.

As appears by the return to the *certiorari,* the action in this case was properly instituted in the court for the trial of small causes, and the judgment certified is a judgment of that court.

The remedy to review a judgment in the court of small causes, except where there is a District Court, is by appeal to the Common Pleas. *Rev., p.* 564, *pl.* 137 ; *Pamph. L.* 1882, *p.* 138.

The Justices' Court act further provides that, where a justice has jurisdiction, no judgment rendered in the court of small causes, from which an appeal is given to the Court of Common Pleas by said act, shall be removed by *certiorari* for the correction of any supposed error therein, but that the person aggrieved shall have relief upon appeal only, and that

both as to matter of law and matter of fact. *Rev., p. 556, pl.* 95.

In this case the justice had jurisdiction, and therefore the relator has mistaken his remedy.

· The judgment below is reviewable only on appeal to the Common Pleas, and not by *certiorari* to this court.

The, writ of *certiorari* must therefore be dismissed.